Good afternoon, ladies and gentlemen. We're ready to hear argument in the case of Lee v. Dart Motors. Mr. Steinbach. Good afternoon, Your Honors. David Steinbach for the Court Appointed Amicus. May it please the Court. This Court requested briefing on the standard of appellate review after a district court determines that the amount in controversy does not exceed $75,000. As we see it, there is no one-size-fits-all answer to that question. The Supreme Court has directed appellate courts to break a district court's decision into its component parts and assess each part under the appropriate standard of review. Which standard is appropriate turns on the aspect and nature of the ruling at issue on appeal. We believe the standard of appellate review for amount in controversy determinations can be summarized as follows. First, an appellate court reviews de novo the district court's articulation of any federal law principles governing the amount in controversy. For example, the identification of the legal certainty test as the governing framework. Second, if the court makes findings of fact pertinent to the amount in controversy, an appellate court reviews that fact finding for clear air. Finally, if the district court applies the legal certainty test, an appellate court reviews de novo the district court's general articulation of the legal principles informing the test application, such as state law principles for recovering certain categories of damages. But if the district court goes on to engage in fact-specific application of those general legal principles to determine whether the plaintiff might lawfully recover the jurisdictional minimum, then the appellate court reviews that part of the analysis for clear air. Not all of these standards may rear their head in any given case. But we think each follows from the criteria the Supreme Court has identified for allocating decisional authority. Mr. Steinbach, I must say, I find that presentation clear and it seems to reflect village at Lake Ridge. But it also has a lot in common with a ping-pong match in which you're going. Well, is there any way to simplify or are we just stuck there? So I think part of the complexity here stems from Lake Ridge, U.S. Bank, where the court said you have to break the district court's decision into its component parts and then assess each part under the appropriate standard of review. I think in a lot of cases, not all of those standards are going to be relevant. I think in a lot of cases, it might just turn on the first step. Did the district court actually apply the legal certainty test? And I think that there's some relevance here to this case, which I'm happy to talk about later on. But in a lot of cases involving this particular standard of appellate review, I think the answer is often going to be clear from what we've called the first step of the legal certainty test. What are the state law principles that govern whether the plaintiff might lawfully recover $75,000? And there are a lot of cases that this court has decided where there's no fact-specific application at all of the general state law principles governing the amount in controversy framework. I'll just give you an example that was pretty straightforward. The Fortier decision from this court where punitive damages were necessary for the plaintiff to recover the amount in controversy. But the plaintiff was bringing a legal malpractice claim. And it was clear from the survey of Illinois law that punitive damages were unavailable for legal malpractice claims. So all the court did in that scenario was identify the legal certainty test, look to the governing state law principles, and there was not any actual fact-specific application left as a result of that. So there wasn't even room for deferential analysis in that particular instance. Mr. Steinbeck? I'm sorry. Go ahead. At the third step where you're applying the legal certainty test in that first aspect you said is de novo, where you're applying it to the facts that the district court considered, you said the second piece is clear error. Does it matter if it's at the pleading stage? So more of a facial challenge as opposed to a factual challenge where all the district court is doing is looking at what's been alleged in the complaint as opposed to engaging in any kind of fact-finding. So I think that scenario where the district court or where the appellate court or both are just looking at the complaint, I think that is the least obvious case for clear error review. I mean, one of the criteria that courts look at— Does that mean you think de novo should apply? I think clear error—there's a good argument for why clear error should apply. I also think there's a reasonable argument for de novo. And I want to just explain. I want to flush that out. That doesn't answer the question. There's a lot of— I can just see our opinions saying, well, there's a good argument for this and a reasonable argument for that. And altogether, we're not sure. So part of the struggle here, Your Honors, is that I think the inquiry for determining standards of appellate review, it's flexible. It's indeterminate. As Pierce v. Underwood said, the process isn't rigorously scientific. But to take on your question, Your Honor, I mean, one criteria that courts often look at to determine what the standard of appellate review should be is which decision-maker is better situated to arrive at the right answer. In your hypo, where the court is just looking at the complaint, I'm not sure that either court would be better situated. I mean— I don't see how they would be. Right. Because if we're not taking testimony, we're not evaluating credibility, we can review the allegations in a complaint just the same as a district court judge can. You can— It seems so much more akin to a 12b-6, straight de novo. So in that scenario, you can do it just as well. I agree. There are other guideposts, though, that I think courts often look at to determine what the standard of appellate review should be that I think might actually point in favor of clear air. So one that U.S. Bank and Bufkin both referenced is whether answering the question will provide guidance to other courts and whether there's a need for de novo to review in order to ensure uniform precedent. I think in this particular scenario, there's not much benefit to having de novo review of this particular question, the legal certainty test, even when you're just looking at the facts as alleged on a complaint. The only question is whether the plaintiff could conceivably recover $75,000. It's almost akin to a frivolousness determination, which this court said—this court directly analogized the legal certainty test to frivolousness in Pratt Central Park. So I think in a scenario where you're just saying, could the plaintiff conceivably recover $75,000, even if you're just looking at the complaint, there's not many law-clarifying benefits that will come of appellate courts doing that inquiry on its own, replicating the work that the district court did. I also think— Does that mean then that the court, if you're just looking at the complaint, that the district court can put weight on specific allegations rather than take them in the light most favorable to the plaintiff? No. I think that the district court would take them in the light most favorable to the plaintiff. And then the question on appeal would be, did the district court clearly err in determining that the plaintiff did or did not—could or could not lawfully recover $75,000? I think the most interesting and perhaps the trickiest aspect of this is the 12b-6 analogy, as you identified. And we know that type of legal sufficiency determination, if we can call it that, is reviewed de novo. And I think there are some parallels, as Your Honor points out, to the legal certainty test, those kinds of 12b-6 legal sufficiency analyses, because courts review the facts in the light most favorable to a particular side, and then they apply a hypothetical objective standard. But— Mr. Steinbeck, I wonder if the—I was trying to find a kind of, as you're noting, a limiting principle between the clear error standard and things like in the context of, you know, Rule 29 sufficiency or Rule 12b or 12c, or even motion for summary judgment, right, which we review de novo, even though it's the application of a very factual set of circumstances to a legal standard. And yet we review that de novo, right? And so—and I don't think you're suggesting that we review summary judgment motions for—deferentially. And so, you know, looking at the Bufkin case by the Supreme Court that talks about U.S. Bank, and Bufkin kind of—and talks about sufficiency of the evidence inquiry, I think is where you were getting your discussion. And the question was whether—how to deal with U.S. Bank in light of the sufficiency of evidence test, which the Supreme Court says is de novo. And the court says—notes, courts therefore conduct the review through a legal lens, applying a hypothetical objective standard and putting a thumb on the scale in favor of the prevailing party. So it seems like that scenario would encompass the motion to dismiss, right, where we're putting the thumb on the scale, a sufficiency of the evidence, which for summary judgment we're putting a thumb on the scale and trying to decide what a hypothetical fact finder might do, as opposed to, say, in the arbitration waiver context, where there is no—we're not putting the thumb on the scale for either party, and the court is just doing kind of a straightforward preponderance analysis. Is that a limiting principle that would guide our determination as to whether or not the ultimate decision, that is, the application of a known set of facts, whether it was based upon fact finding or whether it's presumed, to a legal standard should be reviewed de novo versus deferentially? I think it is a limiting principle, Your Honor, and I appreciate the similarity between the legal certainty test and those legal sufficiency tests, especially as described in Belkin v.  I do, though, want to give—and this gets back to the answer that I was going to give to Judge St. Hebe—I do want to give a few reasons why I think the legal sufficiency test—I'm sorry, why the legal certainty test is meaningfully different than legal sufficiency analyses for purposes of the standard of appellate review. And I can give you three, and I'm happy to elaborate on any. First, a long history of appellate practice indicates the propriety of de novo review for legal sufficiency determinations, like 12b-6, but not for the legal certainty test. There's no such long history of appellate practice, and we know that can be relevant, including from the McLean v. EEOC case. Second, significant law clarifying benefits result from de novo review of legal sufficiency determinations, but not, in our view, of the legal certainty test. And third, legal sufficiency determinations are more uniquely legal, insofar as they require courts to ask what a different hypothetical decision-maker could conclude. So we think those are three reasons why the legal certainty test is not going to be analyzed. On your first one, distinguishing between legal certainty and legal sufficiency, has the legal certainty test been around that long? You said there's a long history on de novo review for sufficiency. Does that history not exist because legal certainty is a newer concept? So we think legal certainty has been around for a long time. I think it's nearly a century, actually, from the St. Paul mercury test. But the standards of appellate review that courts have announced when they actually do think about what the standard of appellate review should be for legal certainty, it's frankly all over the map from what we can tell. Some courts have said de novo review for the amount in controversy generally. Other courts say clear air review for amount in controversy because it's a fact-intensive, case-specific inquiry. We cited a case from the D.C. Circuit, the Rosenborough decision, which said some courts reviewed de novo the legal certainty test, whereas others have suggested that a deferential standard is applied. This court's opinion in Central Park said that a deferential analysis of the legal certainty test would be appropriate because it's akin to a sufficiency determination. So we certainly see a long history that says de novo review is appropriate for the legal sufficiency determinations. I'm not sure if that long history of appellate practice is especially reasoned, but it's very long and it's very, very uniform in a way that the history for the legal certainty test is not. I think when you get beyond history, though, the second reason that I gave why there's a distinction between legal certainty and legal sufficiency for purposes of the standard of appellate review is also pretty powerful. Whether a claim is plausible enough for a case to proceed or whether the evidence is sufficient to support a particular verdict, those are indeterminate, judge-made standards that we think acquire content over a period of time through repeated application. The process of applying those standards flushes them out. No one really knows in the abstract what a plausible merits claim is, right? But when that standard is applied over and over again and repeatedly liquidated over time, principles are repeatedly spelled out that give guidance for other courts that are applying the plausibility pleading standard. But it's not clear what law clarifying benefits, if any, would come from de novo review of the legal certainty test, especially when there are state law issues that might be often unrelated to the merits, and especially when we're not even asking whether a plaintiff is likely to recover $75,000. We're just asking whether it's conceivable, whether state law principles categorically disallow any such recovery. And I think when you throw in the principle that jurisdictional determinations, which legal certainty certainly is, when those types of determinations are supposed to be simple, brief, and efficient, that cuts further in favor of clear error review. I'd be happy to reserve the remainder of my time. Certainly, counsel. Mr. Madrigal. Good afternoon, your honors. My name is Abdon Madrigal. May it please the court. I represent the defendant, Apolise, in this matter, and we ask this honorable court to affirm the district court's dismissal of this case for wants of jurisdiction. We agree with the amicus' brief's conclusions, found on page 41 and 42, namely that this court should review de novo, one, whether the district court correctly identified and articulated the legal principles governing the assessment of the amount controversy. Two, that this honorable court should review de novo whether the district court correctly articulated Illinois principles governing punitive damages. And three, if punitive damages are available under Illinois law, this court should review for clear error whether the district court correctly held that it is clear beyond legal certainty that plaintiff cannot recover the jurisdictional amount. The district court articulated the standard. The district court seemed to say that she believed that no punitive damages are available under Illinois law, period, because the complaint does not allege malice. Are you defending that? I am. And why is the complaint required to allege malice? The district court's articulation of the punitive damage principles are laid out on page 1 and 2. Specifically... I'm not asking what the district court said. I'm asking for your view. Why is the complaint required to allege malice? Let's suppose that that would be required if this were litigation in state court. But it's not litigation in state court. It's in federal court. Why is a complaint in federal court required to allege malice, given the norm in the rules of civil procedure that intent may be alleged generally? The district court's opinion is... I'm not asking about the district court's opinion. I'm asking for your argument. Okay. I believe that it's either malice or reckless indifference that is allowed under the principles of Illinois punitive damages. You're not responding to my question, which is, what is it that requires such a mental state to be pleaded specifically in federal court, given the rules of federal civil procedure? I believe that it is the concept of outrageousness, which should be pledged. I'm asking a question about the rules of civil procedure, specifically Rule 9b, which says that intent, states of mind, may be pleaded generally. So, it's not about the intent. It's about something that goes beyond what the allegations are, be it fraud, be it Illinois consumer fraud, be it breach of warranty. It has to go above and beyond. That's what the standard is. Illinois law may require that. I'm asking about the rules of federal civil procedure. Right? You seem to believe, and the district judge may have believed, that whatever the pleading standards are in state court, those are the standards in federal court in litigation under the diversity jurisdiction.  The Supreme Court has held otherwise. We have held otherwise. What is it that requires state law pleading standards to apply in federal court? We believe that Illinois case law should apply... Illinois can establish the substantive standard, but the pleading standards in federal litigation are federal. Why doesn't Rule 9b control? That's my question. Rule 9b should not apply because the Illinois substantive rules of procedure should apply here rather than the federal rules. Do you have any authority for that proposition? I do not. Do you have any response to holdings of the Supreme Court that federal rules apply in federal litigation even if they contradict state rules? I have the judge's order in this case dismissing the case. That judge's order is what is being reviewed by us. We have to decide if it's correct. Agreed. The judge stated the Illinois principles, and we agree with the amicus's conclusions, and we believe that the punitive damage principles that were established in this order are correct, namely that punitive damages may be awarded for conduct that is outrageous either because the defendant's motive was evil or the act showed a reckless disregard of others' rights. For conduct to be deemed outrageous, it must go above and beyond the conduct required to establish the elements of the underlying offense. We believe the plaintiff agrees with this position as well, which is evidenced in pages six through nine of their reply brief. On page six, they cite a long list of allegations, which they concede in their words, quote, show a run-of-the-mill garden variety fraud claim. And then on the next page, seven, they argue that they've alleged well-pleaded facts showing a high degree of moral culpability necessary to recover punitive damages. Every part... I think you really need to articulate the Deverenstein state and federal rules. Illinois requires fact pleading. It's a fact pleading jurisdiction. Federal courts require claim pleading, not fact pleading. And we have to decide how the federal rules apply in this federal case. Yes. Yes. And we believe that the federal rules on whether the test should be through de novo. Ultimately, the issue before this court is the application of the facts the court should review for clear error. The district court analyzed the arguments in the plaintiff's complaint and found that misrepresentations about engine damage do not evidence a higher degree of moral culpability than defects in heated seats, say, or rear view cameras. We believe... You're talking about the punitive damage allegations. I think you agree that before we even get to punitive damages, that the correct standard is the legal certainty test. Do you agree that is? I do agree. Where did the district court make clear that it was applying the legal certainty test? I don't see that anywhere in the order. So it doesn't state that specifically in the order. However, on page 1, they cite... The punitive damages may be awarded for conduct that is outrageous, and they cite Tyman versus S&M... But that's punitive damages. That's not the legal certainty. Before you get to the punitive damages, you have to talk about the legal certainty, whether or not it's clear beyond a legal certainty that plaintiff's claim could not exceed the jurisdictional amount. And then you get to the next step, which what's the plaintiff asking for and can they get to that $75,000? So before we get to that portion, the first sentence in the paragraph is, when punitive damages are necessary to establish subject-matter jurisdiction, federal courts must scrutinize the allegations closely. The amicus agreed that this is the language that was used. And the reason that I believe that Tyman should be mentioned is I understand that this is what they cite, but Tyman specifically talks about the legal certainty test. Both aspects. But scrutinizing the allegations is different, a different principle in that case than the legal certainty test. Yes, and the plaintiff has actually argued those specific legal certainty tests in the district court. So the court was well aware of the legal certainty test, and although they didn't apply it, given that those arguments were made by the plaintiff, they were aware of them, and I believe that we can infer that the court did in fact do the legal certainty test with that language. That seems like a stretch to me. It may be, but I believe them saying that they scrutinized the allegations closely indicates that they did in fact go through the legal certainty test, even though those words weren't put in the order per se. Now, ultimately, we think whether or not the court is right is not the question. We think the court is right in how they applied the facts. We think the real question is whether the district court's finding is in clear error. We suggest it's inappropriate to hold that they were in clear error, and given that the plaintiff seems to suggest and plead that they had to plead something beyond mere fraud, beyond Illinois consumer fraud, that they had to go above and beyond, and the court found that they did not go above and beyond, we submit that this court should review for clear error, and with a thumb on the scales for the defendants, find that the dismissal was correct. Thank you, counsel. Mr. Steinbach, anything further? Yes, Your Honor. I just want to pick up right where we left off with the colloquy with you, Judge St. Eve. It is our view that the district court here did not apply the legal certainty test. The district court did not reference, did not mention, the legal certainty test. Indeed, it seems like the district court required more from the plaintiffs than the legal certainty standard does. I just want to concretize that a little bit. The district court held that the amount in controversy does not exceed $75,000 because plaintiffs did not, quote, specifically allege conduct that would entitle them to punitive damages, end quote. That's on page 112. And that plaintiffs' allegations were insufficient, quote, to state a plausible claim for punitive damages, end quote. That's on 113. But that, to me, sounds like the 12B6 plausibility pleading standard, not the legal certainty test. And this court has made clear, including in Johnson versus Rottenbarger, that those two standards are different. The question isn't whether plaintiffs have stated a plausible claim for punitive damages, but rather whether it is legally certain that plaintiffs would, under no circumstances, be able to recover punitive damages. Do you think it, getting to the punitive damages stage, and whether or not the plaintiffs have met the legal certainty test, on the third prong, applying the law to the mixed, to the questions of fact, do you think it matters if it's a clear error standard or a de novo standard? I think it's hard to answer that question in the abstract because we don't think that the district court actually applied the legal certainty test here. You're avoiding all of these questions today. I'm genuinely not trying to, Your Honor. I think that if we were to engage in the inquiry, I think that we would come out in the same place, either under de novo or clear error. We think the district court probably did commit clear error here, in our view, because we think there was enough in the complaint to show that the plaintiffs could potentially or conceivably recover punitive damages, even if they didn't plausibly state a claim for punitive damages under the complaint. Okay. Thank you very much, Mr. Steinbach. Thank you, Your Honor. Mr. Steinbach, Mr. Feinerman, we greatly appreciate your willingness and that of your law firm to respond to our invitation to appear as an eco-security officer and the assistance you've been to the court in this case. Thank you very much. The case is taken under advisement. Thank you, Your Honor.